JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ANDRE JOHNSON

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
GERALD DUGAN, ESQ., M. SUSAN TOTH, ESQ.; (SEE NEXT PAGE)

Attorneys (If Known)
JOHN COYLE, ESQ., 1515 ARCH ST, PHILA., PA 19102

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC SEC. 1983
Brief description of cause:
Plaintiff's Complaint contains allegations of violations of the Plaintiff's Federal Civil Rights.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE   DOCKET NUMBER

DATE  05/29/2013   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JOHNSON, <br> 4689 Hawthorne Street <br> Philadelphia, PA 19124 <br> Plaintiff, | : <br> : <br> : <br> : <br> : | Civil Action |
| v. | : <br> : <br> : <br> : | NO: _____ |
| CITY OF PHILADELPHIA, <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br> And <br> JOHN DOE I <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br> And <br> Vince Sterdardo <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br> <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Formerly <br> <br> Court of Common Pleas <br> Philadelphia County <br> <br> No. 130400908 |

**By**  Gerald Dugan, Esquire
M. Susan Toth, Esquire
DUGAN, BRINKMANN, MAGINNIS AND PACE
1880 John F. Kennedy, Blvd.
Suite 1400
Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JOHNSON,<br>4689 Hawthorne Street<br>Philadelphia, PA 19124<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF PHILADELPHIA,<br>1401 Arch Street<br>Philadelphia, PA 19102<br>　　And<br>JOHN DOE I<br>1401 Arch Street<br>Philadelphia, PA 19102<br>　　And<br>Vince Sterdardo<br>1401 Arch Street<br>Philadelphia, PA 19102<br>　　　　Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action<br><br><br>NO: _____<br><br><br><br><br><br><br><br><br><br>Formerly<br><br><br>Court of Common Pleas<br>Philadelphia County<br><br><br>No. 130400908 |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

　　　　Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia (hereinafter "petitioner") through its counsel, John Coyle, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant state the following:

　　　　1.　　In April, 2013 plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, No. 130400908. (Exhibit A - Complaint).

　　　　2.　　On April 5, 2013 said Complaint was served on Petitioner at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on Novmeber 5, 2012 he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioner, City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

JOHN COYLE
Assistant City Solicitor
Attorney I.D. No. 312084
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434

Date: 5/29/13

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JOHNSON, | : | Civil Action |
| 4689 Hawthorne Street | : | |
| Philadelphia, PA 19124 | : | |
|       Plaintiff, | : | |
| | : | |
| | : | NO: _____ |
| v. | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| 1401 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE I | : | |
| 1401 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| Vince Sterdardo | : | Formerly |
| 1401 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | Court of Common Pleas |
|       Defendant. | : | Philadelphia County |
| | : | |
| | : | No. 130400908 |

## NOTICE OF FILING OF REMOVAL

TO:   Gerald J. Dugan, Esuire
       M. Susan Toth, Esquire
       DUGAN, BRINKMANN, MAGINNIS AND PACE
       1880 John F. Kennedy Boulevard
       Suite 1400
       Philadelphia, PA 19103

     PLEASE TAKE NOTICE THAT on April 5, 2013, Defendant, City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*JOHN COYLE*
Assistant City Solicitor
Attorney I.D. No. 312084
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JOHNSON, <br> 4689 Hawthorne Street <br> Philadelphia, PA 19124 <br>     Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br><br>  and <br><br> JOHN DOE I <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br><br>  and <br><br> Vince Sterdardo <br> 1401 Arch Street <br> Philadelphia, PA 19102 <br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action <br><br><br><br> NO: _____ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Formerly <br><br> Court of Common Pleas <br> Philadelphia County <br><br> No. 130400908 |

## **CERTIFICATE OF SERVICE**

 I, John Coyle, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Gerald J. Dugan, Esuire
   M. Susan Toth, Esquire
   DUGAN, BRINKMANN, MAGINNIS AND PACE
   1880 John F. Kennedy Boulevard
   Suite 1400
   Philadelphia, PA 19103

*[signature]*

**JOHN COYLE**
**Assistant City Solicitor**
**Attorney ID No. 312084**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: 5/29/13

Exhibit "A"

DUGAN, BRINKMANN, MAGINNIS AND PACE
BY:   GERALD J. DUGAN, ESQUIRE
       M. SUSAN TOTH, ESQUIRE
Attorney I.D. Nos.: 21350/208174
1880 John F. Kennedy Blvd., Ste. 1400
Philadelphia, PA  19103
Tel: (215) 563-3500
Fax: (215) 563-5610
gjdugan@dbmplaw.com
stoth@dbmplaw.com

*Attorneys for Plaintiff*

| | |
|---|---|
| ANDRE JOHNSON<br>4689 Hawthorne Street<br>Philadelphia, PA  19124<br><br>                                       *Plaintiff,*<br>v.<br><br>CITY OF PHILADEPHIA<br>1401 Arch Street<br>Philadelphia, PA  19102<br>         and<br>JOHN DOE I<br>1401 Arch Street<br>Philadelphia, PA  19102<br>         and<br>VINCE STERDARDO,<br>1401 Arch Street<br>Philadelphia, PA  19102<br><br>                                       *Defendants.* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br>NO.  130400908 |

## AMENDED COMPLAINT

1.     Plaintiff, Andre Johnson, (hereinafter "Plaintiff") is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4689 Hawthorne Street, Philadelphia County, Philadelphia, Pennsylvania, 19124.

2.     Defendant, City of Philadelphia (hereinafter "Defendant City") is a governmental entity, with an address of 1401 Arch Street, Philadelphia County, Philadelphia, Pennsylvania, 19102.

Case ID: 130400908

3. Defendant, John Doe I (hereinafter "defendant John Doe I"), is an individual, in a supervisory and/or leadership position with the City of Philadelphia Adult Probation and Parole Department, with a business address of 1401 Arch Street, Philadelphia, Pennsylvania.

4. At all material times hereto, John Doe I possessed the authority to make decisions, and enforce Department customs, policies and/or practices.

5. Defendant, Vince Sterdardo (hereinafter "defendant"), is an individual probation officer with the City of Philadelphia Adult Probation and Parole Department, with a business address of 1401 Arch Street, Philadelphia, Pennsylvania.

6. At all material times hereto, defendant Sterdardo, was Plaintiff's probation officer during the time period of October 29, 2013 through November 5, 2013.

7. On March 11, 2013, Defendants were placed on notice of Plaintiff's claim against them for injuries detailed in this Complaint.

8. Prior to October 29, 2012, Plaintiff was on probationary status with defendant City, and assigned a probation officer.

9. At some time prior to October 29, 2012, Plaintiff received a Subpoena to appear in court for a routine probation hearing, on October 29, 2012.

10. Plaintiff fully intended to appear in court on October 29, 2012, in compliance with the Subpoena issued for same.

11. However, Plaintiff was advised on October 29, 2012 and October 30, 2012 that the courts were closed due to Super Storm Sandy.

12. Prior to the courts reopening on October 31, 2012, Plaintiff received no notification whatsoever from the Court or the defendants, that his October 29, 2012 hearing had been rescheduled and he was required to appear in court on November 1, 2012.

13. Plaintiff expected to appear before defendant Sterdardo, his probation officer, on Monday, November 5, 2012, at which time he intended to inquire as to how, and when, his October 29, 2012 court appearance would be rescheduled.

14. However, in the early morning of November 5, 2012, before he had an opportunity to appear before defendant Sterdardo, Plaintiff was awakened during the night by officers from the City of Philadelphia Sheriff's Office, advising him that he was being arrested in conjunction with a bench warrant, that had been issued, pursuant to his failure to appear in court on November 1, 2012.

15. Plaintiff was immediately transported to Curran-Fromhold Correctional Facility (hereinafter "CFCF") and unlawfully detained.

16. While at CFCF, Plaintiff learned that defendant Sterdardo alleged that Plaintiff failed to appear for an October 31, 2012 hearing, even though Plaintiff's Subpoena to appear in Court was for October 29, 2012.

17. At no time did Plaintiff's probation officer notify him of the change in date.

18. While wrongfully incarcerated at CFCF, Plaintiff was initially told that he would not receive a hearing for his alleged probation violation for thirty days, in late November, 2012.

19. However, Plaintiff was able to contact a friend, who was able to get into contact with the Adult Probation and Parole Department, who subsequently moved up his initial probation violation hearing to Thursday, November 8, 2012.

20. On Thursday, November 8, 2012, Plaintiff was transported to the Criminal Justice Center, Philadelphia, for his alleged probation violation hearing.

21. While he was awaiting his hearing, Plaintiff was notified that the bench warrant, upon which his arrest was based, was in error, and that he would be transported back to CFCF and subsequently released from incarceration.

22. Plaintiff was indeed transported back to CFCF on November 8, 2012, but remained incarcerated until his release in the late evening hours on Friday, November 9, 2012.

23. As a result of Plaintiff's unlawful detention by Defendants, Plaintiff suffered damages.

## COUNT I - FEDERAL RIGHTS VIOLATIONS Under 42 U.S.C. §1983
## PLAINTIFF ANDRE JOHNSON v. CITY OF PHILADELPHIA, JOHN DOE I, and JOHN DOE II

24. Plaintiff incorporates paragraphs one through twenty-three as if set forth at length.

25. Upon information and belief, all defendants knew, or should have known, that the court's closure due to Super Storm Sandy, would result in the improper issuance of warrants for those who could not attend their scheduled hearings due to the closure.

26. Defendants City and John Doe I failed to review those warrants issued for individuals who failed to appear at hearings scheduled for the dates the court was closed, and/or reset the computer system which notified the Probation Department of an individual's failure to appear at a hearing.

27. In doing so, defendants City and John Doe I made a deliberate decision and choice to allow warrants to be erroneously issued, when they knew probation violations had not occurred because the courts were closed.

28. By allowing the erroneous warrants to be issued, the City and John Doe I were enforcing or acquiescing to a custom, policy and practice of the City.

29. The custom, pattern and practice of the City deprived individuals, including

Plaintiff, of his rights, privileges and immunities under the laws and Constitution of the United States, his right to be free from unreasonable seizure, false arrest and false imprisonment, all to decedent's great detriment and loss.

30. The actions of the defendants deprived Plaintiff of the rights secured to him by the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof and in violation of 42 U.S.C. §1983.

31. By filing to take any action to cancel the warrant that defendant Sterdardo knew, or should have known, would be issued for Plaintiff's arrest, defendant Sterdardo violated Plaintiff's right to be free from unreasonable seizure.

WHEREFORE, Plaintiff Andre Johnson requests that judgment be entered in his favor and against Defendants City, John Doe I, and Sterdardo, in an amount not in excess of $50,000.00.

## COUNT II – FALSE ARREST and FALSE IMPRISONMENT
## PLAINTIFF ANDRE JOHNSON V. DEFENDANT VINCE STERDARDO

32. Plaintiff incorporates paragraphs one through thirty-one as if set forth at length.

33. Defendant Sterdardo willfully and erroneously notified the City Department of Adult Probation and Parole that Plaintiff failed to appear for a hearing on October 31, 2012, despite Plaintiff having been served a Subpoena for an October 29, 2012 hearing date.

34. Defendant Sterdardo failed to notify Plaintiff of the change in hearing dates, prior to notifying the Department of the alleged violation.

35. The actions of defendant Sterdardo resulted in Plaintiff being arrested and unlawfully detained, with the intent to imprison, for an alleged probation violation.

36. The actions of defendant Sterdardo caused City employees to base their unlawful arrest and imprisonment of Plaintiff on an erroneous and invalid warrant.

37. The actions of defendant Sterdardo caused Plaintiff to be wrongfully imprisoned for five days.

38. In failing to take appropriate action, Sterdardo engaged in willful misconduct.

39. As a result of defendant Sterdardo's actions, Plaintiff suffered damages consisting of mental and emotional injuries, including, but not limited to the inability to contact his children to let them know where he was, freight, horror, grief, humiliation, and fear, all of which may be, or are, permanent in nature.

WHEREFORE, Plaintiff Andre Johnson requests that judgment be entered in his favor and against defendant Sterdardo in an amount not in excess of $50,000.00.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY: _____
GERALD J. DUGAN, ESQUIRE
M. SUSAN TOTH, ESQUIRE

Case ID: 130400908

## VERIFICATION

M. Susan Toth, Esquire, hereby states that she is counsel for the Plaintiff within and verifies that the statements made in the foregoing Amended Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

DUGAN, BRINKMANN, MAGINNIS and PACE

By: _____
M. SUSAN TOTH, ESQUIRE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __4689 Hawthrone Street, Philadelphia, PA 19124__

Address of Defendant: __City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Curran-Fromhold Correctional Facility__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).   Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☐
*RELATED CASE IF ANY*:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other Contracts
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __John Coyle__, counsel of record do hereby certify:

☐ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __5/29/13__   _____   __312084__
                    John Coyle, Esquire        Attorney I.D. #
                    Attorney-at-Law

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   __312084__
                       John Coyle, Esquire        Attorney I.D. #

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JOHNSON,<br>4689 Hawthorne Street<br>Philadelphia, PA 19124<br>          Plaintiff,<br><br>          v.<br><br>CITY OF PHILADELPHIA,<br>1401 Arch Street<br>Philadelphia, PA 19102<br><br>          and<br><br>JOHN DOE I<br>1401 Arch Street<br>Philadelphia, PA 19102<br><br>          and<br><br>Vince Sterdardo<br>1401 Arch Street<br>Philadelphia, PA 19102<br><br>          Defendant. | : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action<br><br><br><br>NO: _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Formerly<br><br><br>**Court of Common Pleas**<br>**Philadelphia County**<br><br>No. 130400908 |

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through § 2255.                    (  )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 5/29/13 | *John Coyle, Esq.* | City of Philadelphia |
| Date | John Coyle, Esq. | Attorney for |
| (215) 683-5434 | (215) 683-5397 | john.coyle@phila.gov |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02